IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| STATE AUTO INSURANCE COMPANIES | PLAINTIFF |
| V. | CAUSE NO. 1:11CV125-LG-RHW |
| HARRISON COUNTY COMMERCIAL LOT, LLC; H. GORDON MYRICK, INC.; H. GORDON MYRICK, JR., individually and SHOEMAKE PAINTING SERVICES, INC. | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is the Motion for Summary Judgment [57] filed by Plaintiff, State Auto Insurance Companies, in this declaratory judgment action. State Auto seeks a finding that it is not required to provide coverage or pay for a defense for H. Gordon Myrick, Inc. in a state court action brought against it by Defendant Harrison County Commercial Lot, LLC. State Auto asserts that the language of the insurance policy that it issued to Defendant Shoemake Painting Services, Inc., clearly and unambiguously provides that there is no coverage for Myrick, Inc., and, therefore, no duty to defend it in the state court action. State Auto contends that there are no genuine issues of material fact that preclude judgment in its favor, and, therefore, that summary judgment is appropriate. The Court has reviewed the pleadings, the memoranda of counsel, and the record and is of the opinion that, when considered as a whole, the policy does provide coverage for Myrick, Inc. for liability created by Shoemake's work. Since there is a genuine issue as to whether the state court

complaint includes a claim based on Shoemake's work, the Court is of the opinion that the Motion for Summary Judgment should be denied.

## FACTS

On July 30, 2008, Defendants Myrick, Inc. and Shoemake entered into a Subcontract Agreement related to work on the Cain Office Building in Gulfport, Mississippi. The building was being built for Defendant Harrison County Commercial Lot. Myrick, Inc. was the general contractor, and Shoemake was the painting contractor. As part of the Subcontract Agreement, Shoemake agreed to secure and maintain commercial general liability coverage, with Myrick, Inc. being named as an additional insured. Shoemake procured the policy from State Auto.

On September 1, 2009, Harrison County Commercial Lot sued Myrick, Inc. and Myrick individually for damages related to the failure to complete the building contract on time and for defective workmanship on the building. One of the specific deficiencies alleged was that the sheet rock needed extensive repairs. Myrick, Inc. contends that the complaint about the sheetrock was based on Shoemake's negligence.

## DISCUSSION

The familiar standard for the entry of summary judgment comes from Federal Rule of Civil Procedure 56(a), which requires its entry "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

The parties agree that the interpretation of an insurance policy involves a question of law, not fact, and that summary judgment may be appropriate where the policy is unambiguous as to the coverage question at issue. *Roy Anderson Corp. v. Transcontinental Ins. Co.*, 358 F. Supp. 2d 553, 560 (S.D. Miss. 2005); *Noxubee Cty. Sch. Dist. v. United Nat'l Ins. Co.*, 883 So. 2d 1159, 1165 (Miss. 2004). State Auto argues that its policy does not provide coverage to Myrick, Inc. for three reasons. First, it argues that coverage exists, if at all, only with regard to work performed by Shoemake. Second, State Auto contends that none of the claims in the state court complaint relate to Shoemake's work because they do not specifically reference "painting." Finally, State Auto maintains that, because Shoemake would not have been covered under the policy for its work, there was no coverage that could be extended to Myrick, Inc. as an additional insured.

Myrick, Inc. appears to accept State Auto's first argument that coverage is limited to Shoemake's work, although there is some authority that would extend coverage to Myrick's negligence, as well. *See, e.g., Roy Anderson*, 358 F. Supp. at 561-62. Shoemake contends, however, and the Court agrees, that its work has, arguably, been implicated in the state court suit. That suit clearly includes as a defect the

3

drywall preparation, which could have been done by the subcontractor in charge of painting. During discovery, Myrick, Inc. propounded this Request for Admission to State Auto: "Please admit that HCCL [Harrison County Commercial Lot] has included in its litigation filed against HGM [H. Gordon Myrick] a claim for negligence relative to the painting work performed by Shoemake Painting." State Auto admitted this contention. In its rebuttal brief in support of this Motion for Summary Judgment, State Auto also admitted that the question of whether Shoemake's work was an issue in the state court litigation "is a disputed material fact."

The only issue remaining for the Court to address is whether State Auto's third argument entitles it to summary judgment. The policy issued by State Auto excludes from coverage:

> l. **Damage to Your Work**
>
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

Elsewhere in the policy, "your work" is defined as "(1) Work or operations performed by you or on your behalf, and (2) Materials, parts or equipment furnished in connection with such work or operations." State Auto maintains that this exclusion would prevent Shoemake from recovering under the policy for damages caused by its own work. It further contends that, because Myrick, Inc. is an "additional insured," it stands in place of, and receives no greater benefit under the policy, than Shoemake. Based on these

arguments, State Auto concludes that Myrick, Inc. has no coverage for liability created by Shoemake's work.

In making this assertion, State Auto does not address its incompatibility with the language of the endorsement to the policy, which modified it by providing for additional insureds. Specifically, the endorsement added as an insured "any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." The endorsement goes on to provide that such person or organization is an additional insured only with respect to liability for "bodily injury," property damage" or "personal and advertising injury" caused, in whole or in part, by:

> 1. Your acts or omissions; or
>
> 2. The acts or omissions of those acting on your behalf;
>
> In the performance of your ongoing operations for the additional insured.
>
> A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

The endorsement specifically excludes coverage for bodily injury or property damage occurring after:

> a. All work, including materials, parts or equipment furnished in connection with such work on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

> b. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

State Auto interpreted that coverage, in making its first argument in its Memorandum, as affording "liability coverage for acts or omissions either committed by or on behalf of Shoemake for which HGM [Myrick, Inc.] may be vicarious [sic] liable."

In this argument, however, State Auto asserts that Myrick would *not* be covered for liability for work performed by Shoemake, because Shoemake would not be covered for the same work. Arguing that Myrick cannot have greater rights under the policy than Shoemake, State Auto claims further that "your work" exclusions such as this one are common and enforceable. The cases it cites for this proposition are inapposite, however. *American Home Assur. Co. v. Cat Tech L.L.C.*, 660 F.3d 216, 221 (5th Cir. 2011), involved a claim made by the named insured for coverage for claims made by the company for whom it had done work. The court agreed with the insurer that the "your work" exception precluded coverage for the cost of repairing the named insured's own work. *Id.* (citing *Wilshire Insurance Co. v. RJT Constr.*, 581 F.3d 222, 226 (5th Cir. 2009). Citing Texas law, the court went on to hold that, while damages directly resulting from the insured's work were not covered, damages to other property that resulted from the insured's work could be covered under the policy. *Id.* at 221-22 (citing *Travelers Ins. Co. v. Valentine*, 578 S.W.2d 501, 503-05 (Tex. Civ. App. 1979). The other case cited by State Auto, which interpreted the question under Mississippi

6

law, also involved a claim made by the named insured. *Lafayette Ins. Co. v. Peerboom*, 813 F. Supp. 823, 829-30 (S.D. Miss. 2011).

State Auto has cited only one case in which an additional insured was denied coverage for damages caused by the work of the named insured. In *Wyner v. N. Am. Specialty Ins. Co.*, 78 F.3d 752, 755-56 (1st Cir. 1996), the court interpreted a policy that excluded coverage for "property you own, rent or occupy." The underlying cause of action was brought by a lessor for damages to property caused by its lessee. The lessee was an additional insured; however, the court interpreted the term "you" to include additional insureds, thereby precluding coverage. *Id.* Notably, the opinion stated, "Where, as here, the endorsement naming the additional insured *contains no language suggesting that the nature of coverage, declarations or exclusions were thereby altered*, we see no reason to deviate from the 'well-settled [rule] that the policy does not extend any greater coverage to an additional insured." *Id.* at 756 (emphasis added) (quoting *Sunoco Prod. Co. v. Travelers Indem. Co.*, 315 F.2d 126, 128 (10th Cir. 1963)).

Wyner has been since limited to "the rather idiosyncratic posture of the case." *Wright-Ryan Const., Inc. v. AIG Ins. Co. of Canada*, 647 F.3d 411, 418 (1st Cir. 2011). In *Wright-Ryan*, the court noted, "The mainstream of opinions interpreting this or similar definitions has held 'you' to be unambiguous and to refer solely to the individual or organization identified as the 'Named Insured' in the policy declarations. *Id.* at 417-18. One of the "mainstream" opinions cited is *Nat'l Union Fire Ins. Co. of Pittsburgh, Penn. v. Liberty Mutual Ins. Co.*, 234 F. App'x 190, 193 (5th Cir. 2007) ("We

take as a given that 'you' in this policy only means [the named insured], according to the policy's definition of that word.").

The court in *Nat'l Union* ultimately concluded that the exclusion for "your work" included all claims related to the named insured's work, whether liability was imposed on the named insured or an additional insured. That court did not, however, review an endorsement like the one here that, by its express language, "modifies insurance provided" under general liability coverage. The endorsement recognizes, as additional insureds, "any . . . organization for whom you are performing operations when you and such . . . organization have agreed in writing that . . . such . . . organization be added as an additional insured on your policy." Clearly, the endorsement contemplates that the additional insured will become so because of a business relationship in which the named insured is working for the additional insured. The endorsement states that the additional insured is covered for liability caused by "your acts or omissions." It also provides that the additional insured's status ends when the named insured's work is completed. It seems apparent from the plain language of the endorsement that Shoemake's work is the focus of the endorsement and the basis for Myrick, Inc. to be added as an additional insured. It is also apparent that a modification to the original policy was intended.

This policy must be construed, insofar as possible, under Mississippi law. *Roy Anderson Corp.,* 338 F. Supp. 2d at 557. The Mississippi Supreme Court recently summarized Mississippi's law on construction of insurance contracts as follows:

> If a contract is clear and unambiguous, then it must be interpreted as written. A policy must be considered as a whole, with all relevant clauses together. If a contract contains ambiguous or unclear language, then ambiguities must be resolved in favor of the non-drafting party. Ambiguities exist when a policy can be logically interpreted in two or more ways, where one logical interpretation provides for coverage. However, ambiguities do not exist simply because two parties disagree over the interpretation of a policy. Exclusions and limitations on coverage are also construed in favor of the insured. Language in exclusionary clauses must be "clear and unmistakable," as those clauses are strictly interpreted. Nevertheless, "a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*U.S. Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008) (internal citations omitted); *see also Architex Assoc., Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1157 (Miss. 2010). In this case, the endorsement is clear and unambiguous in providing coverage to the described additional insureds for liability caused by "your acts or omissions." The Court interprets "your" in this context as it was originally defined, there being no indication in the endorsement to the contrary. Thus, "your" continues to relate to Shoemake. With regard to the remaining argument offered by State Auto, the Court finds that its interpretation of the policy would render the endorsement meaningless. If Shoemake's preclusion of coverage for its own acts is extended to Myrick, Inc., then there was no reason for the endorsement to provide coverage for "your acts." There was, likewise, no reason for the endorsement to terminate coverage once Shoemake's work was complete. In essence, there would be no reason for the endorsement at all.

Reading all of the provisions of the policy together, the Court finds that the endorsement for additional insureds modified the original policy to create coverage for Myrick, Inc. for any liability resulting from Shoemake's work. Since there is a

9

legitimate issue of whether the state court complaint seeks damages for work performed by Shoemake, summary judgment is inappropriate in this case. State Auto's motion will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [57] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of July, 2012.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE